UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 11944 NMG

CIVIL ACTION NO.:

MAGISTRATE JUDGE Bowler

| | |
|---|---|
| JEFFREY SMITH ) | RECEIPT # |
| PLAINTIFF ) | AMOUNT $150 |
| vs. ) | SUMMONS ISSUED yes |
| ) | LOCAL RULE 4.1 |
| CDM CORP. ) | WAIVER FORM |
| ) | MCF ISSUED |
| Defendant ) | BY DPTY. CLK. |
| | DATE 9/8/04 |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1.  This is an action seeking a temporary and permanent injunction and declaratory relief to remedy unlawful discrimination by the Defendant against the Plaintiff in the Defendant's place of public accommodation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA"). The Plaintiff, Jeffery Smith, on his own behalf and on behalf of all those similarly situated, bring this cause of action against CDM. Corp. as a cause of action allege as follows:

### II. PARTIES

2.  The Plaintiff Jeffery Smith is a resident of Massachusetts and is a qualified individual with disabilities within the meaning of all applicable statutes including the ADA and Massachusetts statutes.

3.  The Plaintiff, Jeffrey Smith, has visited McDonald's, a place of public accommodation, located

at 3022 Cranberry Highway, Wareham, Massachusetts and was unable to access and enjoy its goods and services.

4. The Defendant, CDM Corp. is a Massachusetts Corporation with its principal place of business at 800 Pleasant Street, Suite 1621, New Bedford, Massachusetts.

5. The Defendant, CDM, Corp. is a private entity that owns and operates McDonald's, located at 3022 Cranberry Highway, Wareham, Massachusetts, a place of public accommodation as defined in 42 U.S.C. § 12181, and an entity that is subject to the requirements of Title III of the ADA.

6. This case arises out of the Defendant's failure to remove architectural and communication barriers to access and unlawful practice of denying access to goods and services at its place of public accommodation to people with disabilities.

### III. JURISDICTION AND VENUE

7. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and § 1343 in that this is an action arising under the laws of the United States and the Defendant is subject to personal jurisdiction.

8. Venue is appropriate in this Court under 28 U.S.C. § 1391; the claim having arisen in the District of Massachusetts.

### IV. VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

9. All events giving rise to this lawsuit occurred in the Commonwealth of Massachusetts.

10. On or about July 26, 1990, Congress enacted the ADA, which is codified at 42 U.S.C. §12181 and 28 C.F.R. Part 36.

11. The Defendant has discriminated against the Plaintiff and continues to discriminate against the Plaintiff and others who are similarly situated by denying them access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of McDonald's, as prohibited by 42 U.S.C. § 12181 *et seq.* by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv) and by failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible as required by 42 U.S.C. § 12183(a)(2).

12. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. Those regulations are codified at 28 C.F.R. Part 36.

13. McDonald's is a place of public accommodation subject to the provisions of Title III of the ADA.

14. Within one year before the filing of this complaint, the Plaintiff, Jeffery Smith, who uses a wheelchair for mobility, visited McDonald's on more than one occasion. He intends to return to this place of public accommodation when the barriers to access are removed.

15. The Defendant has failed to remove barriers to access by persons with mobility disabilities at McDonald's where such barrier removal is readily achievable.

16. The Defendant has failed to provide necessary auxiliary aids and services where provision of such auxiliary aids and services would not pose any undue economic or architectural burden.

17. The Defendant has failed to modify policies, practices and procedures at McDonald's where required to ensure equal access for persons with mobility disabilities.

18. The Defendant has from time to time altered McDonald's without complying with access

3

requirements mandated by Title III of the ADA.

19. McDonald's lacks at least one accessible route complying with ADAAG 4.3 within the boundary of McDonald's from public transportation stops and/or public streets or sidewalks to an accessible building entrance all as required by ADAAG 4.3.2.

20. The Defendant is in violation of 42 U.S.C. s.1281 et. seq. and 28 C.F.R. 36.302 et. seq. and is discriminating against the Plaintiff by failing to:

a) Install ramps with appropriate slopes, handrails, landing areas and signage, and make curb cuts in sidewalks, entrances, stairs and/or otherwise provide and accessible, properly designated and unobstructed route to and throughout the premises and to the primary functions thereof;

b) widen doors and doorways, provide requisite offsets areas for opening doors, provide proper hardware on doors, provide appropriate opening resistance on doors and or/provide appropriate closing delay on doors to allow required access and an accessible route throughout the premises and facility;

c) provide the requisite signage for all accessible routes throughout the premises and their facilities;

d) Modify restrooms for accessibility, including, failing to:

(i) rearrange partitions to increase maneuvering space and provide proper accessibility for individuals with disabilities;

(ii) install appropriate grab bars in toilet stalls;

(iii) insulate lavatory pipes under sinks to prevent burns or other injury;

(iv) provide appropriate clearance in front of and/or under sinks for accessibility;

4

      (v) provide appropriate and properly positioned controls and mechanisms on faucets and other restroom facilities;

      (vi) install toilet(s) and toilet seats at appropriate heights;

      (vi) install bathroom mirrors at the appropriate height and/or angle;

      (vii) position toilet paper dispensers, paper towel dispensers, soap dispensers and/or other other controls at appropriate height;

   e) provide adequate and appropriate signage for facilities for individuals with disabilities;

   f) provide a path of access to the premises which does not require travel through vehicular traffic;

   g) provide accessible and or the requisite number of table tops and/or counters at appropriate heights; and/or,

   h) provide facilities for individuals with disabilities which are properly disbursed throughout the functions of the premises,

by January 26, 1992, or January 26, 1993, if the Defendant has 10 or fewer employees and gross receipts of $500,000 or less.

21. Specific, although not excusive, ADA violations by the Defendant in its non-compliance include its failure to:

  a) institute the requisite modifications in policies, practices or procedures pursuant to 28 CFR s.36.302 whereby patrons with disabilities may easiliy facilitate the properly designated accessible parking and/or drop-off areas with requisite legible signage as called for by 28 CFR part 36, App. A, 4.1, 4.6 provided by the Defendant:

5

    b) provide an accessible route from the parking area to and into the facility as called for by ADAAG 4.1, 4.3, and provide an accessible route throughout the facility;

    c) provide overall disabled accessible signage as called for by ADAAG 4.1, 4.30;

    d) provide counters at the allowed height requirements in violation of ADAAG 7.2;

    e) provide accessible restroom facilities in violation of ADAAG 4.17.

22. On information and belief, the Plaintiff alleges that there are other violations present at McDonald's that will be more fully alleged upon discovery and further inspection.

23. The Defendant has failed to make efforts required under the ADA to remove such barriers to the extent readily achievable nor has the Defendant complied with accessibility standards to the maximum extent feasible.

24. The Defendant has also, by maintaining such barriers, failed to comply with the ADA and access requirements for areas of new construction or alteration.

25. The actions and initiatives which the Defendant has failed to undertake in order to make McDonald's accessible to persons with disabilities are actions and initiatives that would be readily achievable, required by law, and would greatly assist persons with disabilities at minimal expense to the Defendant.

26. The Defendant's conduct constitutes ongoing and continuous violations of the ADA and, unless restrained from doing so, the Defendant will continue to violate the ADA. Said conduct, unless enjoined, will continue to inflict injuries for which Plaintiffs have no adequate remedy at law.

27. The Plaintiff has retained the undersigned counsel to represent them in this case for injunctive relief and for the protection of their civil rights and the Plaintiff has agreed to pay their counsel

        reasonable attorneys' fees and the costs and expenses incurred in this action. The Plaintiff is entitled to recover reasonable attorneys' fees, costs and expenses from the Defendant pursuant to 42 U.S.C. § 12205.

28. Pursuant to 42 U.S.C. § 12188, this Court is authorized to grant the Plaintiff injunctive relief by ordering the Defendant to alter the subject facilities by removing architectural barriers to access and use by individuals with mobility disabilities as required by the ADA; the Court is also authorized to close the subject facilities until the Defendant completes the required modifications and alterations.

**WHEREFORE**, the Plaintiff respectfully prays this Honorable Court:

a. Assume jurisdiction;

b. Issue a temporary and permanent injunction, as authorized by 42 U.S.C. § 12188(a)(2), enjoining the Defendant from continuing its unlawful discrimination against persons with disabilities;

c. Order the Defendant to alter the premises known as McDonald's located at 3022 Cranberry Highway, Wareham, Massachusetts to make such facility readily accessible to and useable by individuals with disabilities to the extent required by the Americans with Disabilities Act and 28 C.F.R. Part 36;

d. Award the Plaintiff appropriate attorneys' fees, expert fees and costs of this suit as provided by 42 U.S.C. § 12205;

e. Award the Plaintiff such other additional and proper relief as may be just and equitable.

Respectfully submitted,
Jeffery Smith

By his Attorney,

*[signature]*

Edward N. Garno
13 Hurd Street
Lowell, Ma 01852
978-687-7805
#564378

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Jeffrey Sm. Th v ComCorp

2.  CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    X    II.  195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
              740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

    ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___  V.   150, 152, 153.

3.  TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
    N/A

4.  HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
    No

5.  DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?  No
    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6.  IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?  No

7.  DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES  No   OR IN THE WESTERN SECTION (BERKSHIRE. FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES _____

8.  DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES  No   (a)  IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9.  IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION _____ OR WESTERN SECTION _____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Edward N. Garno
ADDRESS  13 Hurd Street  Lowell MA 01852
TELEPHONE NO.  9786577805

(Category.frm - 09/92)

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Jeffrey Smith

**DEFENDANTS**

CDM Corp

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Edward N. Garno
13 Hurd Street
Lowell MA 01852

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Title III of ADA 42 USC 12181  Denial of access and right to full and equal enjoyment of services and goods at a place of public accommodation

**VII. REQUESTED IN COMPLAINT:**   CHECK IF THIS IS A **CLASS ACTION**   ☐ UNDER F.R.C.P. 23

DEMAND $  Temp & perm inj. relief  Fees + costs

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☒ NO

**VIII. RELATED CASE(S)** (See instructions):
IF ANY        JUDGE _____      DOCKET NUMBER _____

DATE: 8-31-04

SIGNATURE OF ATTORNEY OF RECORD: Edward Bm

---

FOR OFFICE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____