**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

JEFFREY SMITH,
         Plaintiff,

v.

CDM CORP.,
         Defendant.

CIVIL ACTION NO. 04-11944NMG

**ANSWER**

Defendant CDM Corporation ("CDM"), for its Answer, asserts as follows:

## I.     PRELIMINARY STATEMENT

1.     This paragraph contains precatory language and states conclusions of law to which no response is required. To the extent a response is required, CDM denies the allegations in paragraph 1.

## II.     PARTIES

2.     Denies knowledge sufficient to admit or deny the allegations in paragraph 2.

3.     Denies knowledge sufficient to admit or deny the allegations in paragraph 3, except CDM admits it owns the McDonald's Restaurant at 3022 Cranberry Highway, Wareham, Massachusetts.

4.     Admits the allegations in paragraph 4.

5.     Admits the allegations in paragraph 5.

6.     Denies the allegations in paragraph 6.

### III.    JURISDICTION AND VENUE

7.      This paragraph contains precatory language and states conclusions of law to which no response is required.  To the extent a response is required, CDM denies the allegations in paragraph 7.

8.      This paragraph contains precatory language and states conclusions of law to which no response is required.  To the extent a response is required, CDM denies the allegations in paragraph 8.

### IV.    VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

9.      Denies knowledge sufficient to admit or deny the allegations in paragraph 9.

10.     Paragraph 10 contains introductory information which does not require a response by CDM.

11.     Denies the allegations in paragraph 11.

12.     Paragraph 12 contains introductory information which does not require a response by CDM.

13.     Admits the allegations in paragraph 13.

14.     Denies knowledge sufficient to admit or deny the allegations in paragraph 14.

15.     Denies the allegations in paragraph 15.

16.     Denies the allegations in paragraph 16.

17.     Denies the allegations in paragraph 17.

18.     Denies the allegations in paragraph 18.

19.     Denies the allegations in paragraph 19.

20.     Denies the allegations in paragraph 20.

21.     Denies the allegations in paragraph 21.

22.     Denies the allegations in paragraph 22.

23.     Denies the allegations in paragraph 23.

24.     Denies the allegations in paragraph 24.

25.     Denies the allegations in paragraph 25.

26.     Denies the allegations in paragraph 26.

27.     Denies knowledge sufficient to admit or deny the allegations in paragraph 27.

28.     This paragraph contains precatory language and states conclusions of law to which no response is required.  To the extent a response is required, CDM denies the allegations in paragraph 28.

### Affirmative Defenses

### First Affirmative Defense

Plaintiff's claim is barred on the grounds of mootness.

### Second Affirmative Defense

Defendant alleges Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by reason of Defendant's good faith reliance upon the advice of others with respect to the restaurant.

### Third Affirmative Defense

Defendant alleges Plaintiff's Complaint, and each purported cause of action alleged therein, is barred insofar as Defendant has not made the alterations to the restaurant which Plaintiff contends should have been made, those changes were not and are not required under federal law, and any requirements to make those changes would impose an undue burden upon Defendant.

## Fourth Affirmative Defense

Defendant alleges Plaintiff's Complaint, and each purported cause of action alleged therein, is barred insofar as Defendant has not made the alterations to the restaurant which Plaintiff contends should have been made, those changes were not and are not required under federal law because such changes are not readily achievable.

## Fifth Affirmative Defense

Defendant alleges Plaintiff's Complaint, and each purported cause of action alleged therein, is barred insofar as Defendant has not made the alterations to the restaurant which Plaintiff contends should have been made, those changes were not and are not required under federal law because such changes would fundamentally alter the nature of the goods and/or services provided by Defendant at the restaurant.

## Sixth Affirmative Defense

Defendant alleges Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the applicable statute of limitations.

## Seventh Affirmative Defense

Defendant alleges the Complaint, and each purported cause of action alleged therein, is barred in that Defendant provided Plaintiff with alternative methods for access to the restaurant.

## Eighth Affirmative Defense

Defendant alleges the Complaint, and each purported cause of action alleged therein, is barred because Plaintiff was not a bona fide consumer of the restaurant.  Instead, if Plaintiff visited the restaurant, he did so for the sole and primary purpose of instituting the instant litigation.

### Ninth Affirmative Defense

Defendant alleges Plaintiff's Complaint, and each purported cause of action alleged therein, is barred insofar as Defendant has not made the alterations to the restaurant which Plaintiff contends should have been made, those changes were not and are not required under federal law because the cost and scope of such alterations are disproportionate to the cost of the overall alteration made to the restaurant.

### Tenth Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Eleventh Affirmative Defense

Defendant alleges Plaintiff's Complaint, and each purported cause of action alleged therein, is barred insofar as Defendant has not made the alterations to the restaurant which Plaintiff contends should have been made, those changes were not and are not required under federal law because of the effect on expenses and resources and the impact of such action upon the restaurant.

### Twelfth Affirmative Defense

Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to the within action. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

WHEREFORE, Defendant prays for judgment as follows:

1.  That Plaintiff take nothing by his Complaint;

2.  That the Complaint be dismissed in its entirety with prejudice;

3.  That Plaintiff be denied each and every demand and prayer for relief contained in the

    Complaint;

4.  For costs of suit incurred herein, including reasonable attorneys' fees; and

5.  For such other and further relief as the Court deems just and equitable.


                                    Respectfully submitted,

                                    CDM CORP.
                                    By its attorney,


                                    /s/ Stephen T. Paterniti
                                    Stephen T. Paterniti, BBO #564860
                                    JACKSON LEWIS LLP
                                    75 Park Plaza
                                    Boston, MA  02116
                                    (617) 367-0025
Date:  November 24, 2004